IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RYAN PHLIPSEN, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. 5:19-cv-458 |
| TEXAS TACO CABANA, LP, | ) | |
| DD01-TEXAS, LLC, and | ) | |
| WURZBACH/OAKS LTD, | ) | |
| | ) | |
|     Defendants. | ) | |

## AMENDED COMPLAINT

COMES NOW, RYAN PHIPSEN, by and through the undersigned counsel, and files this, his Complaint against Defendants TEXAS TACO CABANA, LP, DD01-TEXAS, LLC, and WURZBACH/OAKS LTD, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").   In support thereof, Plaintiff respectfully shows this Court as follows:

### JURISDICTION

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

### PARTIES

2.     Plaintiff RYAN PHLIPSEN (hereinafter "Plaintiff") is, and has been at all

times relevant to the instant matter, a natural person residing in San Antonio, Texas (Bexar County).

3.      Plaintiff is disabled as defined by the ADA.

4.      Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights, monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others, and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this Property, including returning to the Property as soon as it is accessible ("Advocacy Purposes")."

7.      Defendant TEXAS TACO CABANA, LP (hereinafter "Taco Cabana") is a Limited Partnership under Texas law that transacts business in the state of Texas and within this judicial district.

8.      Taco Cabana may be properly served with process via its registered agent for service, to wit: Corporate Creations Network, Inc., 2425 W. Loop South #200, Houston, Texas 77027.

9.     Defendant DD01-Texas, LLC (hereinafter "DD01") is a for profit corporation under Texas law that transacts business in the state of Texas and within this judicial district.

10.     DD01 may be properly served with process via its registered agent for service, to wit: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

11.     Defendant WURZBACH/OAKS, LTD (hereinafter "Wurzbach/Oaks") is a Texas limited company that transacts business in the state of Texas and within this judicial district.

12.     Wurzbach/Oaks may be properly served with process via its registered agent for service, to wit: Taylor V. Cooksey, 6363 Woodway, Suite 610, Houston, Texas 77057.

## FACTUAL ALLEGATIONS

13.     On or about January 8, 2019, Plaintiff was a customer at "Taco Cabana," a business located at 8510 Fredericksburg Road, San Antonio, Texas 78229, referenced herein as the "Taco Cabana."

14.     Taco Cabana is the lessee or sub-lessee of the real property and improvements that are the subject of this action.

15.     On or about January 6, 2019, Plaintiff was a customer at "Kentucky Fried Chicken," a business located at 8510 Fredericksburg Road, San Antonio, Texas 78229, referenced herein as the "KFC."

16.     DD01 is the lessee or sub-lessee of the real property and improvements that

are the subject of this action.

17.    Wurzbach/Oaks is the owner or co-owner of the real property and improvements that the Taco Cabana and KFC is situated upon and that is the subject of this action, referenced herein as the "Property."

18.    The Property is a parcel of land which contains three separate buildings, all of which are public accommodations.

19.    Plaintiff lives approximately 4 miles from the Taco Cabana, KFC and Property.

20.    Plaintiff's access to the business(es) located at 8510 Fredericksburg Road, San Antonio, Bexar County Property Identification number 531305 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Taco Cabana, KFC, and Property, including those set forth in this Complaint.

21.    Plaintiff has visited the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and the Property is accessible again.  The purpose of the revisit is to be a regular customer, to determine if and when the Property are made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

22.    Plaintiff intends to revisit the Taco Cabana, KFC, and Property to purchase goods and/or services.

23.    Plaintiff travelled to the Taco Cabana, KFC, and Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at the Taco Cabana, KFC, and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Taco Cabana, KFC, and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

24.    On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq.*

25.    Congress found, among other things, that:

(i)    some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)    discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the

discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

26.    Congress explicitly stated that the purpose of the ADA was to:

(i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

* * * * *

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

27.    The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

28.    The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

6

29.    The Taco Cabana is a public accommodation and service establishment.

30.    The KFC is a public accommodation and service establishment.

31.    The Property is a public accommodation and service establishment.

32.    Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

33.    Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

34.    The Taco Cabana must be, but is not, in compliance with the ADA and ADAAG.

35.    The KFC must be, but is not, in compliance with the ADA and ADAAG.

36.    The Property must be, but is not, in compliance with the ADA and ADAAG.

37.    Plaintiff has attempted to, and has to the extent possible, accessed the Taco Cabana, KFC, and the Property in his capacity as a customer of the Taco Cabana, KFC, and Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Taco Cabana, KFC, and Property that preclude and/or limit his access to the Taco Cabana, KFC, and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this

Complaint.

38.    Plaintiff intends to visit the Taco Cabana, KFC, and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Taco Cabana, KFC, and Property and as an independent advocate for the disabled, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Taco Cabana, KFC, and Property that preclude and/or limit his access to the Taco Cabana, KFC, and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

39.    Defendants have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Taco Cabana, KFC, and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

40.    Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Taco Cabana, KFC, and Property, including those specifically set forth herein, and make the Taco Cabana, KFC, and Property accessible to and usable by Plaintiff and other persons with disabilities.

41.    A specific list of unlawful physical barriers, dangerous conditions and

ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Taco Cabana, KFC, and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Taco Cabana, KFC, and Property include, but are not limited to:

(a) **ACCESSIBLE ELEMENTS:**

(i) The total number of accessible parking spaces is inadequate and is in violation of section 208.2 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(ii) In front of the KFC, the accessible parking space and associated access aisle have a slope and cross-slope in excess of 1:48 in violation of section 502.4 of the 2010 ADAAG standards and are not level. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iii) In front of the KFC, the access aisle serving the accessible parking space is not at the same level as the parking space it serves in violation of section 502.4 of the 2010 ADAAG Standards. This violation would make it difficult for Plaintiff to exit and enter his vehicle if parked at that accessible parking space.

(iv) In front of the KFC, the accessible ramp side flares have a slope in excess of 1:10 in violation of section 406.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff

to access the units of the Property.

(v)    In front of the KFC, the accessible parking space is not level due to the presence of accessible ramp side flares in the accessible parking space in violation of section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(vi)   Near Taco Cabana are two accessible parking spaces where the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(vii)  Near Taco Cabana are two accessible parking spaces where the accessible parking spaces are not level due to the presence of accessible ramp side flares in the accessible parking space in violation of section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(viii) Near Taco Cabana the accessible ramp side flares have a slope in excess of 1:10 in violation of section 406.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(ix)    Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**(b)    TACO CABANA RESTROOMS:**

(i) When leaving the restroom, the door of the restroom lacks a proper minimum maneuvering clearance, due to the proximity of the door hardware to the sink, in violation of section 404.2.4 of the 2010 ADAAG standards.  This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(ii) The door hardware of the restrooms are not at the proper height in violation of section 404.2.7 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(iii)    The accessible toilet stall door is not self-closing and violates section 604.8.2.1 of the 2010 ADAAG standards. This made it difficult for the Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iv)    The height of coat hook located in accessible restroom stall is above 48 (forty-eight) inches from the finished floor in violation of section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(v) The accessible toilet stall lacks the required size and turning clearance as required in section 604.8.1.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff and/or any disabled individual to utilize the restroom.

(vi)    The actionable mechanism of the paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

**(c)    KFC RESTROOMS**

(i)    The restrooms lack proper door hardware in violation of section 404.2.7 of the 2010 ADAAG standards. While there is a push button lever handle, due to a failure to enact an adequate policy of maintenance, this door hardware does not work. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(ii)    There is a latch which does work on the accessible restroom door to lock the door, however, the operable latch to lock the restroom door is not at the proper height in violation of section 404.2.7 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(iii)    The actionable mechanism of the paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in section 308.2.1

of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iv)    The soap dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

42.    The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Taco Cabana, KFC, and Property.

43.    Plaintiff requires an inspection of Taco Cabana, KFC, and Property in order to determine all of the discriminatory conditions present at the Taco Cabana, KFC, and Property in violation of the ADA.

44.    The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

45.     All of the violations alleged herein are readily achievable to modify to bring the Taco Cabana, KFC, and Property into compliance with the ADA.

46.    Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Taco Cabana, KFC, and Property is readily achievable because the nature and cost of the modifications are relatively low.

47.    Upon information and good faith belief, the removal of the physical barriers

and dangerous conditions present at the Taco Cabana, KFC, and Property is readily achievable because Defendants have the financial resources to make the necessary modifications.

48.     Upon information and good faith belief, the Taco Cabana, KFC, and Property have been altered since 2010.

49.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

50.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Taco Cabana, KFC, and Property, including those alleged herein.

51.     Plaintiff's requested relief serves the public interest.

52.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants.

53.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants pursuant to 42 U.S.C. §§ 12188 and 12205.

54.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants to modify the Taco Cabana, KFC, and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Taco Cabana in violation of the ADA and ADAAG;

(b)     That the Court find DD01 in violation of the ADA and ADAAG;

(c)     That the Court find Wurzbach/Oaks in violation of the ADA and ADAAG;

(d)     That the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices;

(e)     That the Court issue an Order requiring Defendants to (i) remove the physical barriers to access; (ii) alter the subject Taco Cabana to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA; and (iii) alter the subject KFC to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(f)     That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(g)     That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: July 1, 2019.

Respectfully submitted,

/s/  Dennis R. Kurz
Dennis R. Kurz
*Attorney-in-Charge for Plaintiff*
Texas State Bar ID No. 24068183
Kurz Law Group, LLC
1640 Powers Ferry Road, SE
Building 17, Suite 200
Marietta, GA 30067
Tele: (404) 805-2494

15

Fax: (770) 428-5356
Email: dennis@kurzlawgroup.com